The Vice-Chancellor.
The complainant moves, on the *482 assumption that the defendant has not complied with the statute regulating appeals, so as to stay the proceedings upon the decree from which he has appealed. It appears that he has given the bond for costs prescribed by the eightieth section ; and the bond for the costs below and other money payable under the decree, which is required by the eighty-second section of the statute. In order to comply with § 83, relative to the securities which the decree directed him to assign, he has deposited with the clerk of this court, all which are shown to have been in his possession or which were subject to the operation of the decree. It is suggested that there is no evidence that the defendant has delivered all those securities to the clerk. But inasmuch as the complainant has had the opportunity of ascertaining this fact by the defendant’s examination before the master, and did not point out or attempt to show that there were other securities ; I must act on the basis that the deposit embraces them all.
The question is then fairly presented, is such a deposit with the clerk, without obtaining a previous order of the court, designating him as the officer to receive them and pointing out his duties, a compliance with the 83d section of the act? (2 R. S. 606, § 83.)
The language of the section is, that the articles required by the decree to be assigned or delivered, are to “ be brought into court, or placed in the custody of such officers or receivers as the court shall appoint.”
The next section, relating to the delivery of deeds ordered by the decree to be executed, mentions the register and assistant register as the officers with whom they are to be deposited pending the appeal; and it is argued that, the difference in the language shows that under the former section, the court were in each instance to designate the mode of deposit. This literal construction would lead to embarrassment in appeals from the vice-chancellors, because § 84, makes no mention of clerks.
, To proceed farther with the objections, it is said decrees frequently direct the delivery of chattels as well as stocks and things in action; and it is impracticable for the clerk to receive merchandize and manufactured articles; a steamboat or the like.
*483 To this it may be answered, that the 83d section provides for that case in the “ officers or receivers,” whom the court may appoint; and if a defendant on appealing desire to make a delivery of such articles as the clerk cannot receive and keep in his office; the appellant must apply to the court for direction in the premises, and a suitable receiver will be appointed.
Again it is said, it is no where made the duty of the clerk to take charge of or keep these securities when deposited; and that they may consist of bills receivable which are maturing, and must be presented when due, in order to charge drawers and indorsers.
As to the latter argument, the answer just given will suffice. Either party may obtain directions from the court; and I apprehend that the clerk’s duty would require him, on the subject being brought to his notice, and the expense,if any, tendered, to cause the bills to be presented and protested. In saying this, I have in part anticipated the other point, that it is not made the duty of the clerk to receive such securities. It is to be observed that the same argument upon the 83d section, applies to the register as well as to the clerks of the court, Now the statute expressly declares, that the register and assistant register, (and of necessity the clerks,) shall severally have the custody of all the minutes, books, records, and papers, then deposited, or which might thereafter be deposited, in their respective offices ; and that it shall be their duty carefully to attend to the preservation thereof. (2 R. S. 170, § 12.) So that there is no difficulty about the duty of the clerk, if the statute relating to appeals contemplate a deposit with him.
But it is said a delivery to the assistant register or clerk, is not bringing the article into court.
The general understanding and usage, certainly sustain the contrary position. In the statute regulating injunctions to stay proceedings at law, when the complainant seeks to enjoin a personal action after verdict, he is to deposit “ with the court of chancery,” a sum equal to the amount and the costs at law, or a bond for the payment thereof. (2 R. S. 189, § 140.) In the next section, providing for injunctions after judgment, the sum is to be deposited, without any designation of the court; and in *484 the 142d section, reference is again made to a deposit “ in the court of chancery.” There never has been any difficulty or hesitation as to the practice under these sections. The deposit has always been made, without any previous order of the court, with the clerk or assistant register, on filing the billand so far as I have ever heard, no one has doubted that such a- deposit was a full compliance with the law.
So the standing rule of the court, directing the form of decrees for the sale of mortgaged premises, provides for bringing the surplus moneys “ into court,” without specifying the officer to whom the same are to be paid ; and such is also the language of the statute on which the rule is founded. (2 R. S. 192, § 159; Rule 135.) And the form approved by the chancellor and published with the rules, pursues the same language precisely.
In this instance of daily occurrence, there has never been any doubt or question, as to the proper officer who was to receive the surplus moneys. They are invariably paid to the clerk of that branch of the court which made the decree.
In fact, the expression of “ paying into court,” and “ bringing into court,” is universally understood as meaning a payment or delivery to the clerk ; and it has never, within my knowledge, been otherwise. The clerk is the ministerial functionary of the court, in all its duties within doors, if I may so speak; and when the court is to receive a deposit or a payment, it acts by the hands of its clerk. The understanding and practice which I have mentioned, were in full force before the revised statutes were framed; and I have no doubt that the intention of the legislature is fulfilled on an appeal, by the deposit of securities with the clerk of the court, under the 83d section of the statute in question, without any previous order of the court.
An appeal is a matter of right, and as an execution of the decree which has been appealed from will oftentimes destroy the effect of a successful prosecution of the appeal, no obstacle ought to be placed in the way of the appellant’s obtaining a stay of proceedings, provided he will comply substantially and fairly with the statute regulations. I think this has been done in the case before me, and that the complainant’s proceedings were stayed.
*485 The motion for an attachment must be denied, with costs to be taxed.